**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
————————————————————————X

SHASHA ZHANG
Individually and on Behalf of All Other Employees
Similarly Situated,

       *Plaintiff(s),*

                              Index Number:

-against-

NEXUS HOLIDAYS NEW YORK INC., and       **29 U.S.C. § 216(B)**
NEXUS HOLIDAYS GROUP INC.,             **COLLECTIVE ACTION AND**
SHANGHAI YILIAN INTERNATIONAL TRAVEL   **RULE 23 CLASS ACTION**
AGENCY LTD., LINGMIN ZHANG a/k/a MARC
ZHANG, MATTHEW WANG, and
John Doe and Jane Doe

       *Defendant(s),*
————————————————————————X

       Plaintiff Shasha Zhang ("Plaintiff") on her own behalf and on behalf of all others similarly

situated, by and through her undersigned attorneys, Hui Chen & Associates, PLLC, hereby files

this complaint against the Defendants Nexus Holidays New York Inc., Nexus Holidays Group,

Inc., Shanghai Yilian International Travel Agency LTD., Lingmin Zhang a/k/a Marc Zhang,

Matthew Wang, and John Doe and Jane Doe (collectively "Defendants"), alleges and shows the

Court the following:

## <u>INTRODUCTION</u>

      1.     This is an action brought by Plaintiff on her own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

1

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post- judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) compensation for wages paid at less than the statutory minimum wage; (2) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (3) unpaid "Spread of Hours" premium; (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (5) compensation for unlawful deductions consisting of defendants' failure to reimburse him for his "tools of the trade"; (6) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Shasha Zhang is a resident of Queens County New York and was employed as a Travel Counselor by Defendants Nexus Holidays New York Inc., Nexus Holidays Group, Inc., Shanghai Yilian International Travel Agency LTD., Lingmin Zhang a/k/a Marc Zhang, Matthew Wang, and John Doe and Jane Doe, with its principal place of business at 41-60 Main Street Suite 215, Flushing, New York 11355.

## CORPORATE DEFENDANTS

### *Entity Defendant Nexus Holidays New York Inc.*

8.      Upon information and belief, Corporate Defendant, Nexus Holidays New York Inc. ("Nexus New York"), is a domestic New York business corporation organization that is incorporated on May 18, 2007 with a principal place of business at 4160 Main Street Suite 215, Flushing, New York 11355.

9.      Upon information and belief, at all times relevant hereto, Nexus New York, is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

10.      Upon information and belief, at all relevant times hereto, Nexus New York, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production

of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

11.   Nexus New York, constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

12.   Nexus New York has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

### *ENTITY DEFENDANT - NEXUS HOLIDAYS GROUP INC.*

13.   Upon information and belief, Corporate Defendant, Nexus Holidays Group Inc. ("Nexus Group"), is a domestic New York business corporation organization that is incorporated on May 24, 2011 with a principal place of business at: 4160 Main Street Suite 215, Flushing, New York 11355.

14.   Upon information and belief, at all times relevant hereto, Nexus Group, is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

15.   Upon information and belief, at all relevant times hereto, Nexus Group, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

16.   Nexus Group, constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

17.   Nexus Group has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## *ENTITY DEFENDANT – SHANGHAI YILIAN INTERNATIONAL TRAVEL AGENCY, LTD.*

18.     Upon information and belief, 20. Defendant SHANGHAI YILIAN INTERNATIONAL TRAVEL AGENCY, LTD. (Shanghai Yilian) is a foreign Chinese corporation that is incorporated on April 14, 2011 with a principal place of business at Room 705, Building 6, 358 Wenchang Road, SongJiang District, Shanghai, Postal Code: 200125.

19.     Shanghai Yilian has the registration number 913101126972469580 in China.

20.     SHANGHAI Yilian is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

21.     Together with Nexus New York and Nexus Group, Shanghai Yilian operates the New York travel agency, a Chinese travel agency chain based in Shanghai, China, with other travel agency locations in Shanghai, Beijing, Wuxi, Chicago, Houston, Washington DC., San Francisco, Vancouver, Toronto, Sidney and London.

22.     Upon information and belief, SHANGHAI Yilian. is the management corporation of Nexus New York and Nexus Group.

23.     Upon information and belief, SHANGHAI Yilian. was to be responsible for providing technical and management staff to Nexus New York and Nexus Group; for determining the core management techniques of, among other things, operation and human resources for Nexus New York and Nexus Group; for sending travelers from China; among other things, controlling the finance of Nexus New York and Nexus Group and processes of their positions.

24.     At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by SHANGHAI Yilian.

## INDIVIDUAL DEFENDANTS

25.     Upon information and belief, Lingmin Zhang a/k/a Marc Zhang, Matthew Wang, and John Doe and Jane Doe are the owners, officers, directors and/or managing agents of Nexus New York and Nexus Group located at 4160 Main Street Suite 215, Flushing New York 11355, and participated in its day-to-day operations, acted intentionally and maliciously, are an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Nexus New York, Nexus Group, and SHANGHAI Yilian.

26.     Upon information and belief, Defendants Lingmin Zhang a/k/a Marc Zhang, Matthew Wang, and John Doe and Jane Doe, manages and makes all business decisions including but not limited to the amount in salary the employee will receive, and the number of hours employees will work.

27.     At all times relevant herein, Lingming Zhang a/k/a Marc Zhang, Matthew Wang, and John Doe and Jane Doe, were, and continue to be, an "employer" within the meaning of FLSA.

28.     At all times relevant herein, Nexus New York and Nexus Group, SHANGHAI Yilian were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

29.      At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Nexus New York, Nexus Group and SHANGHAI Yilian.

30.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

31.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

32.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

33.     Defendants knew that the nonpayment of overtime pays, unpaid "Spread of Hours" premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

34.     From June 1, 2015 to 2019, Plaintiff Shasha Zhang was hired by Defendants as a travel counselor at Defendants' corporations at 41-60 Main Street Suite 215, Flushing New York 11355.

35.     From June 1, 2015 to 2016, Plaintiff Shasha Zhang worked from 9:30AM to 6PM for all work days. From January 1, 2017 to December 31, 2018, Plaintiff Shasha Zhang worked from 9:30AM to 6PM Monday through Friday, and worked from 10:30AM to 3PM on Saturdays. From January 1, 2019 to December 31, 2019, Plaintiff Shasha Zhang worked from 9:30AM to 6PM for all work days.

36.     From June 1, 2015 to 2019, Plaintiff Shasha Zhang also has been required to work on average an additional half hour after 6PM for work days that end at 6PM, and on average an additional half hour after 3PM for work days that end at 3PM.

37.     As a Travel Counselor, Plaintiff is required to answer phones, emails, text messages from the upper management and customers during off hours on a daily basis, on average Plaintiff spend 2 hours of off hours working every day.

38.     Though Plaintiff Shasha Zhang was given a lunch break period, she has to answer phone calls, text messages and other inquiries from customers and upper management almost every day during the lunch break period.

39.     From June 1, 2015 to December 31, 2016, the Plaintiff worked from Monday to Saturday and worked 68 hours per week.

40.     From January 1, 2017 to December 31, 2017, the Plaintiff would work two weeks of six-day work from Monday to Saturday, then shifted to one week of five-day work from Monday to Friday, and then repeated the two weeks of six-day work and one week of five-day work schedule; in year 2018, Plaintiff worked average 62.5 hours per week.

41.     From January 1, 2018 to December 31, 2018, the Plaintiff would work one week of six-day work from Monday to Saturday, then shifted to one week of five-day work from Monday to Friday, and then repeated the one week of six-day work and one week of five-day work schedule; in year 2018, the Plaintiff worked average 61.5 hours per week.

42.     From January 1, 2019 to December 31, 2019, the Plaintiff worked from Monday to Friday every week; worked average 59 hours per week.

43.     From June 1, 2015 to September 1, 2015, the Plaintiff was paid with a flat wage of twelve hundred dollars ($1200) per month.

44.     From September 1, 2015 to December 31, 2015, the Plaintiff was paid with a flat wage of fourteen hundred dollars ($1400) per month.

45.     In the year 2016, the Plaintiff was paid with a flat wage of sixteen hundred fifty dollars ($1650) per month.

46.     In the year 2017, the Plaintiff was paid with a flat wage of eighteen hundred dollars ($1800) per month.

47.     In the year 2018, the Plaintiff was paid with a flat wage of twenty-five hundred dollars ($2500) per month.

48.     In the year 2019, the Plaintiff was paid with a flat wage of thirty thousand dollars ($3000) per month.

49.     Plaintiff Shasha Zhang was not compensated at least at one-and-one-half of the minimum wage or her calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

50.     Defendants' failure to pay plaintiff an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

51.     Plaintiff was not given any paystubs from the Defendants.

52.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked, thus failed to keep full and accurate records of Plaintiff's hours and wages.

53.     Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours as Plaintiff always has to spend her own off hours to communicate with Nexus Group's, Nexus New York's and SHANGHAI Yilian's clients from China at 8 or 9PM Eastern Time.

54.     Defendants failed to provide Shasha Zhang with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia, defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain

her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time..

55.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

56.      Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

57.      Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

58.      While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

59.      Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

60.      Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## **COLLECTIVE ACTION ALLEGATIONS**

61.      Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

62.     Defendant knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employed either the FLSA minimum wage rate, or the New York State minimum wage rate, in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

63.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

64.      Plaintiff brings this action individually and on behalf of all other and former non- exempt employees who have been or were employed by the Defendants at the location since January 2014 through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

65.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

66.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

67.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

68.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

69.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a.     Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.     Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and

the regulation promulgated thereunder;

c.   Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

70.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

71.   Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.


**CLASS ACTION ALLEGATIONS**

72. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

73. All said persons, including Plaintiffs, are referred to herein as the "Class."

74. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the

positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

### Numerosity

75. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### Commonality

76. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether Defendants maintained a common policy, pattern and/or practice of failing to provide requisite statutory meal periods for lunch and/or dinner;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

h. Whether Defendants deliberately shaved time off of the clock-in/clock-out system;

i. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

### Typicality

77. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

78. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

### Superiority

79. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against Entity Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

80. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure

employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## COUNT I
### (Fair Labor Standards Act – Minimum Wage)

81.     Shasha Zhang on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82.     At all relevant times, defendants employed Shasha Zhang and the Collective Action Members within the meaning of the FLSA.

83.     Defendants failed to pay a salary greater than the minimum wage to Shasha Zhang and the Collective Action Members for all hours worked.

84.     As a result of defendants' willful failure to compensate Shasha Zhang and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

85.      The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

86.     Due to defendants' FLSA violations, Shasha Zhang and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

**(New York Labor Law – Minimum Wage)**

87.     Shasha Zhang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

88.     At all relevant times, Shasha Zhang was employed by defendants within the meaning of the New York Labor Law, §§2 and 651.

89.     Defendants willfully violated Shasha Zhang's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

90.      Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

91.     Due to defendants' New York Labor Law violations, Shasha Zhang is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**
**(Fair Labor Standards Act - Overtime)**

92.     Shasha Zhang, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

93.     At all relevant times, defendants employed Shasha Zhang and each of the Collective Action Members within the meaning of the FLSA.

94.     At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

95.     As a result of defendants' willful failure to compensate their employees, including Shasha Zhang and the Collective Action Members, at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

96.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

97.     Due to defendants' FLSA violations, Shasha Zhang and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT IV
### (New York Labor Law - Overtime)

98.     Shasha Zhang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

99.     At all relevant times, Shasha Zhang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

100.    Defendants willfully violated Shasha Zhang's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked

in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

101.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

102.    Due to defendants' New York Labor Law violations, Shasha Zhang is entitled to recover from defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**
**(New York Labor Law – Spread of Hours)**

103.    Shasha Zhang repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

104.    At all relevant times, Shasha Zhang was employed by defendants within the meaning of the New York Labor Law, §§2 and 651.

105.    Defendants willfully violated Shasha Zhang's rights by failing to pay him an additional hour's pay at the minimum wage for each day she worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R § 137-1.7 and 12 N.Y.C.R.R. § 146-1.6.

106.    Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

107.    Due to defendants' New York Labor Law violations, Shasha Zhang is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII
### (Violation of New York Labor Law—Time of Hire Wage Notice Requirement)

108.    Shasha Zhang re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109.    The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

110.    Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII
### (Violation of New York Labor Law—New York Pay Stub Requirement)

111.    Shasha Zhang re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

113.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

114.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Shasha Zhang and her counsel to represent the Collective Action members;

b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.    An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.    A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.       Compensatory damages for failure to pay the minimum wage pursuant to the FLSA

and New York Labor Law;

f.       An award of liquidated damages as a result of defendants' willful failure to pay the

statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.       Compensatory damages for failure to pay the "spread of hours" premiums required

by New York Labor Law;

h.       Damages for defendants' illegal retention of a portion of employee tips;

i.       Liquidated damages for defendants' New York Labor Law violations;

j.       Statutory damages for defendants' violation of the New York Wage Theft

Prevention Act;

k.       Back pay;

l.       Punitive damages;

m.       An award of prejudgment and postjudgment interest;

n.       An award of costs and expenses of this action together with reasonable attorneys'

and expert fees; and

o.       Such other, further, and different relief as this Court deems just and proper.

Dated:        Flushing, New York
              January 16, 2020

Hui Chen and Associates, P.L.L.C.

_/s/ Hui Chen_____

By:  Hui Chen, Esq.
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Tel:  (718) 463-2666
Email: hui.chen@alum.cardozo.yu.edu
*Attorneys for Plaintiff(s)*