**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

SHASHA ZHANG
Individually and on Behalf of All Other Employees             Index No: 20-cv-00275(AMD)(CLP)
Similarly Situated,

        _Plaintiff(s)_,

-against-

NEXUS HOLIDAYS NEW YORK INC., and
NEXUS HOLIDAYS GROUP INC.,
SHANGHAI YILIAN INTERNATIONAL TRAVEL
AGENCY LTD., LINGMIN ZHANG a/k/a MARC
ZHANG, MATTHEW WANG, and
John Doe and Jane Doe

        _Defendant(s)_,

_____X


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR


**(1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**
**(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUTATED INDIVIDUALS; AND**
**(3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................ ii

**TABLE OF AUTHORITIES** ..................................................................................... iii

**PRELIMINARY STATEMENT** ................................................................................ 1

**BACKGROUND** ........................................................................................................ 2

**ARGUEMENT** ........................................................................................................... 2

I.   CONDITIONAL CERTIFICATION IS APPROPRIATE ...................................................... 3

    A.   The FLSA's Opt-In Requirement and the Need for Expedite Notice. .............. 3

    B.   The Two Phase Certification Process for FLSA Collective Actions. .............. 5

    C.   Plaintiffs has made the Required Showing that she is similarly-situated to the members of the FLSA Collective. .................................................................... 8

    D.   The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees. ...................................................................................................... 11

    E.   Expedited Notice and Disclosure of Contact Information is Necessary ........ 12

    F.   Court Authorized Notice is Routinely Authorized by Court in this District.. 13

    G.   The Court Should Authroize Plaintiffs Propsed Notice of Pendency and Consent to Join Form. .................................................................................... 14

        1. Plaintiff proposes that the Notice of Pendency by disseminated in any relevant language, via mail, email, text message or social media chat ...... 14

        2. Authorization of Conspicuous Posting at Store.......................................... 15

        3. Reminder Notice......................................................................................... 16

        4. The Exclusion of Defendants' Attorney Information on the Proposed Noticed of Pendency is Proper Given the Potential for Confusion and Ethical Conflicts ...................................................................................... 16

        5. The Opt-In Anchor Date Should Be From the Complaint Filing Date ...... 17

        6. The Opt-In Period Should Extend to 90 Days to Allow the Greatest Number of Potential Plaintiffs Who May Wish to Opt In to the Collective Action .................................................... 17

        7. Appropriate Notice Period Should be for 3 Years...................................... 18

        8. The Language of the Notice or Posts be in Relevant Languages for Employees not Well Versed in the English Language ............................... 19

    H.   Equitable Tolling of the Statute of Limitation is Necessary to Protect the Plaintiffs ........................................................................................................ 20

**CONCLUSION** ........................................................................................................ 21

## TABLE OF AUTHORITIES

**CASES**

*Amador v. Morgan Stanley & Co. LLC*, No. 11cv4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb., 2013) ...............................................................................................................6, 18

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008)...........................8

*Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019 (S.D.N.Y. June 15, 2015) ......................................................................................................................3

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y.  July 13, 2015)........................................................................................................9

*Bittencourt v. Ferrara Bakery & Café, Inc.,* 310 F.R.D. 106 (S.D.N.Y. 2015)..........................17

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) .....................................9

*Brock v. Superior Care, Inc.,* 840 F .2d 1054 (2d Cir.1988).......................................................18

*Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y.  Mar. 30, 2018)......................................................................................16, 20

*Chen v. Asian Terrace Rest.*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417 (E.D.N.Y.  July 17, 2020)..............................................................................15, 17, 18, 19

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sep. 19, 2013) ........16

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. 2007) .....................................................................................................................9

*Chui v. Am. Yuexianggui of LI LLC*, No. 18-cv-5091 (SJF(AKT), 2020 WL 3618892, (E.D.N.Y. July 2, 2020)................................................................................................20

*Colon v. Major Perry Street Corp.*, No. 12-CV-3788, 2013 WL 3328223 (S.D.N.Y. 2013).............................................................................................................................20

*Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730 (S.D.N.Y. Nov. 12, 2015)........17

*Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 (S.D.N.Y.  2010) .................................................................................................5, 6, 7

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ..............................................................................................................................8

*Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117 (E.D.N.Y. 2015) ......................................................................................................................20

*Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261037 (E.D.N.Y. Dec. 1, 2010) ....................................................................................17

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ....................18, 19

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 (S.D.N.Y. Apr.  11, 2014) ..............................................................................................4, 5, 6, 7

*Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 (S.D.N.Y. 2000) ...4, 13

*Gao v. Umi Sushi Inc. et al.*, No. 18cv06439 (ALC)(SN) (S.D.N.Y. Mar. 21, 2019)...............16

*Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *1 (S.D.N.Y. Feb. 5, 2019)...............................................................................15

*Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922 (E.D.N.Y. May, 10, 2010) ..............................................................................................................5

*Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602 (S.D.N.Y. May 13, 2014) ....................................................................................................................14

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. 2008).....8

*Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) ......................................16

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988)...................................11

*Hernandez v. Bare Burger Dio Inc.*, 12-cv-7794, 2013 WL 3199292 (S.D.N.Y. June 25, 2013)..............................................................................................................................7

*Hernandez v. Immortal Rise, Inc.*, 11-cv-4360, 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012)..............................................................................................................................9

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ................................4, 6, 8, 10, 11

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) ..................................................5, 8, 12

*Iglesias-Mendoza v. La Belle Farm Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ..............................19

*In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688 (S.D.N.Y. Jan. 11 2010)...17

*In re Penthouse Exec. Club Comp. Litig.*, No. 10cv1145 (NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ......................................................................................................13

*Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015)................................................................................................................15, 20

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429 (S.D.N.Y. 1995).................................................6

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003)..................................................................................................11

*Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 (S.D.N.Y. Dec. 3, 2013)....................................................................................................4

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) ........................................................14, 19

*Khamsiri v. George & Frank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)...............................................................................9, 14

*Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL) (E.D.N.Y. July 1, 2019) ...................................................................................9, 12, 15, 19

*Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644 (S.D.N.Y. 2017) .............................20

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006)...................................................7

*Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007)....................passim

*Martin v. Sprint/United Mgmt.* Co., No. 15cv5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ...........................................................................................................13

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) ..............................20

*Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 (S.D.N.Y. Sept. 16, 2013) .....................................................................................................4

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178 (S.D.N.Y. 2007)..............................6

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011) ..............................................7

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 (S.D.N.Y. 2006)..........6

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) .......................................................5, 6, 7, 8

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950 (S.D.N.Y. Apr. 1, 2015) ....................................................................................................8, 9

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar 10, 2016)....................................................................................................................13

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013)..................................................................................................9, 10

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014).........................................5, 7

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ...8

*Shuzhen Cao v. 155 S.G.S. Corp*, No. 18cv10338 (ALC)(KNF) (S.D.N.Y. Nov. 04, 2019) .....14

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010)........................................................6

*Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378 (S.D.N.Y. 2013).................................................3

*Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056
    (S.D.N.Y. Sept. 28, 2007).......................................................................................................11

*Warren v. Garvin,* 219 F.3d 111 (2d Cir. 2000).......................................................................20

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008)........................................3

*Yuan v. & Hair Lounge et al.*, 18cv11905 (AT)(BCM) (S.D.N.Y. Nov. 7, 2019)....................17

*Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404 (E.D.N.Y. Feb. 26,
    2016) ..........................................................................................................................................9

*Zamora v. L Plus L Productions LLC*, 19-cv-1506, 2019 WL 5460559....................................12

*Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014
    WL 2111693 (S.D.N.Y. May 12, 2014)...................................................................................17

## STATUTES

29 U.S.C. § 206(a) ……………………………………………………………………………..3

29 U.S.C. § 207(a)(1)………………………………………………………………………….3

29 U.S.C. § 216(b) ……………………………………………………………….3, 4, 5, 13

29 U.S.C. § 255(a) ………………………………………………………………3, 18, 19, 20

## OTHER AUTHORITIES

Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in
    the Federal Courts*, 29 Berkley J. Emp. & Lab. L. 269, 295 (2008)…………………………16

Plaintiff Shasha Zhang respectfully submit this memorandum of law in support of her motion for conditional certification of her Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English, Chinese, and Spanish to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Plaintiff Shasha Zhang have alleged wage violations perpetrated against her during a period of over 4 years by NEXUS HOLIDAYS NEW YORK INC., NEXUS HOLIDAYS GROUP INC., and SHANGHAI YILIAN INTERNATIONAL TRAVEL AGENCY LTD. (hereinafter "Nexus Holidays").

Nexus Holidays has been offering travel agency service in New York City since 2007. Nexus Holidays is owned and operated by LINGMIN ZHANG a/k/a MARC ZHANG, and MATTHEW WANG. Plaintiff Shasha Zhang have alleged wage violations perpetrated by Defendants from on or about 2015 to 2019 while Plaintiff worked as a travel counselor for Defendants at 41-60 Main Street Suite 215, Flushing, New York 11355. See *Shasha Zhang* Aff. ¶¶ 4.

Plaintiff alleges that it is Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiff's affidavit not only collaborate her wage-and-hour claims, but also show that, regardless of job titles, Defendants failed to pay Plaintiff and her co-workers with citation with overtime wages of at least one and one-half (1.5x) times the regular pay at which the hours they worked in excess of forty hours in a single workweek despite almost all working in excess of 40 hours in a workweek. In short, respectfully, to say Plaintiff can meet the "modest factual showing" necessary to send a notice to putative FLSA Collective, to effectuate the broad

remedial measures of the law, would be a dramatic understatement. Accordingly, the facts presented by Plaintiffs exceed the low burden for Conditional Certification of all non-managerial employees of Defendants.

## BACKGROUND

On January 16, 2020, Plaintiff filed the Complaint, asserting causes of actions for wage violations under the FLSA and NYLL. See Docket Entry ("D.E.)[1] (Ex. 01). Corporate Defendants NEXUS HOLIDAYS NEW YORK INC. and NEXUS HOLIDAYS GROUP INC. are owned and operated by the same individuals, LINGMIN ZHANG a/k/a MARC ZHANG, and MATTHEW WANG, who are officers, directors, managers and/or majority shareholders or owners of the respective Corporate Defendants.

As alleged in the Complaint and in Plaintiff's affidavit, Plaintiff Shasha Zhang was employed by Defendants to work as a travel counselor at 41-60 Main Street Suite 215, Flushing, New York 11355. See *Zhang* Aff. ¶ 4. Plaintiff received compensation without overtime premiums for the hours they worked in excessive of forty hours in a single workweek. *Id*. at ¶ 27.

During the Plaintiff's employment at the Defendants' travel agency, Plaintiff has worked side by side and befriended other employees at the travel agency, including Annie Lin, Evelynn Liu, Michael Zhang, Season Zhang, Victor, Stephy, Angela Lin, Jason, Shirly, Orie, and Grace. *Id*. at ¶¶ 30-52. When these employees worked exceeding 40 hours a workweek, they were not paid for overtime work. *Id*. Each of these individuals were working at Defendants' business. *Id*.

As described more fully below, Plaintiff's experience was not unique. Rather, it was part of a common policy/employment practice perpetuated by Defendants, regardless of their employees' title or role at the travel agency.

## ARGUMENT

I.      **CONDITIONAL CERTIFICATION IS APPROPRIATE**

A. **The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice**

Pursuant to the FLSA, an employee must be paid, at least, the federal statutory minimum wage for the first 40 hours that he or she worked in a given workweek. 29 U.S.C. § 206(a). Moreover, an employee is entitled to be paid for overtime hours (i.e., any hours exceeding 40 housr per week), at a "rate not less than one and one-half times the regular ate at which [the employee] is employed." *Id*., § 207(a)(1); *see also, e.g., Benite v. Demco of Riverdale, LLC*, No 14-cv-7074(CM), 2015 WL 3790019, at *2 (S.D.N.Y. June 15, 2015) (quoting Section 201(a)(1)). "The statute of limitations under the FLSA is ordinarily two years, but it may be extended to three years if the claim arises from a 'willful' violation." *Yu G. Ke v. Saigon Grill, Inc*., 595 F. Supp.2d 240, 258 (S.D.N.Y. 2008) (citing 29 U.S.C. § 255(a)). To satisfy the willfulness requirement, a plaintiff must demonstrate that the employer either acted knowingly or "showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id* (quoting *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988)).

Section 216(b) of the FLSA allows employees to "recover unpaid minimum wages and/or overtime compensation from an employer who violates the [FLSA] provisions, and permits such an action to be brought as a collective action." *Summa v. Hofstra Univ*., 715 F.Supp.2d 378, 384 (E.D.N.Y. 2010). Pursuant to Section 216(b),

> An action… may be maintained against an employer… in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves and other employees similarly situated. No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to

3

become such a party and such consent is filed in the court in which such action is
brought.

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under
Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"),
an employee is not a member of the collective until the employee affirmatively opt-in to the
collective action. *Id.*; *Fonseca v. Dircksen & Talleyrand Inc*., No. 13 Civ. 5124 (AT), 2014 WL
1487279 at *1 (S.D.N.Y. Apr. 11, 2014) ("Thus, putative class members must 'opt-in' to
participate in a FLSA collective action."); *Hoffmann v. Sbarro, Inc*., 982 F. Supp. 249, 260
(S.D.N.Y. 1997) ("Thus, under the FLSA, potential plaintiffs must 'opt-in' to a collective action
to be bound by the judgment (and to benefit from it)."); *Mendoza v. Ashiya Sushi 5, Inc*., No.
Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) (stating same). Thus, until
employees are given notice and are permitted to file consent forms to opt-in, the statute of
limitations continue to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only
by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled")' *Mendoza*,
2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated be afforded notice as soon as possible and
be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily.
*Foster v. Food Emporium.* No. 99 Civ. 3860 (CM), 2000 WL 17378959 at *3 n.1 (S.D.N.Y.
2000) ("because of the statute of limitations, potential plaintiff may be eliminated as each day
goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*,
982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceedings, as a
means of facilitating the FLSA's broad remedial purposes and promoting efficient case
management."; *Jeong Wook Kim v. 511 E. 5ᵗʰ St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL

6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG)(SMG), 2010 WL 1879922, at * 9 (E.D.N.Y. May 10, 2010) ("Because of the statute of limitations for FLSA claims continues to run for each individual Plaintiffs until he or she opts in [], early certification and notice are favored in order to protect plaintiffs' right.").

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective action. The Court observed that a collective action authorized by Section 216(b) "allows… plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

**B. The Two Phase Certification Process for FLSA Collective Actions.**

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail; *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).

**First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the FLSA collective. *Myers*, 624 F.3d 554; *see also Cunningham v. Elec. Data Systems Corp.*, No.

06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y 2010) (citing *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). To do so, the named plaintiffs need only make a very "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *1. Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is called the "notice stage."[2] *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F.Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010)

In light of the two-step process, "[t]he burden imposed at [the] first conditional certification stage is minimal." *Amador v. Morgan Stanley & Co. LLC*. No. 11-cv-4326 (RJS), 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). As discussed further below, the burden at this stage is "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated'. *See* 2006 WL 278154 at *2 (S.D.N.Y. 2006) ("The first stage, conditional certification, requires only a 'modest factual showing' based on the pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); *Cunningham*, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2). Courts in this Circuit have routinely found that such a modest factual showing can be established "based solely on the personal

6

observations of one plaintiff's affidavit," *see Hernandez v. Bare Burger Dio Inc.*, 12-cv-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013), and hearsay may be relied upon to support conditional certification, *see Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011).

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action. *Cunningham*, 2010 WL 5076703 at *5; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

***Second***, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555; Fonseca, 2014 WL 1487279 at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."; *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiffs brought into the case are similarly situated." *Cunningham*, 2010 WL 5076703 at *5. Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. *See e.g. Fonseca,* 2014 WL 1487279, at *3 (defendants'

declarations going to "merits based arguments are premature on a motion for conditional

certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd*., No. 10

Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits

[when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F.Supp.2d at

368-69 (S.D.N.Y. 2007) ("[a]t this procedural stage, the court does not resolve factual disputes,

decide substantive issues going to the ultimate merits, or make credibility determinations");

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *1 (S.D.N.Y.

Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other evidence" premature at notice

stage); *cf. Hoffmann-LaRoche Inc*., 493 U.S. at 174, 110 ("trial courts must take care to aboid

even the appearance of judicial endorsement of the merits of the action.").

## C. Plaintiff has made the Required Showing that she is similarly-situtated to the members of the FLSA Collective.

As stated above, to meet the minimal burden required for conditional certification,

Plaintiff must make a "modest factual showing" that they and opt-in and potential opt-in

plaintiffs "together were victims of a common policy or plan that violated the law." *See Myers*,

624 F.3d at 555 (citing *Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with

'substanial allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiffs

with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co*.,

558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc*., No. 99 Civ.

3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement

by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of

other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc*., No. 14 Civ. 2848 (SHS),

2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to

conditional certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc*., No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Kiang v. Yummy Oriental Restaurant Inc, et al*., No. 18-cv-5256 (SJF)(ARL), at *6 (E.D.N.Y. July 1, 2019) (based on the affidavit of one Plaintiff, certifying a class of "all current and former non-exempt, non-managerial employees who worked for the defendants" for three years from the filing of the complaint "to the present day."); *Zaldivar v. JMJ Caterers, Inc*., No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp*., No. 12 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc*., No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Frank's Japanese Rest. Inc*., No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp*., 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit). Indeed, no case has "ever explicitly required plaintiffs to identify similarly situated employees by name to obtain conditional certification." *Hernandez v. Immortal Rise, Inc*., 11-cv-4360, 2012 WL 4369746, at *4 (E.D.N.Y. Sept/ 24, 2012).

In the present case, Plaintiff SHASHA ZHANG can make a substantial showing that she and all similarly-situated non-exempt employees employed by Defendants were subject to a common policy or plan that violated the FLSA. *See Zhang Aff.* ¶¶ 4-57. Plaintiff SHASHA ZHANG have provided a detailed description of her own hours and pay, as well as a description of the non-exempt positions of her co-workers, and asserts that they were not paid for all overtime hours. Plaintiff was aware that other co-workers were paid at a very low rate as many employees have worked together with Plaintiff for an extended period of time, and they would complain to each other about the large amount of work they have as well as the low amount of pay. *Zhang Aff.* ¶57.

In addition to the FLSA violations set forth above, Plaintiff can show a common nexus among the putative FLSA Collective of all non-exempt employees:

- Plaintiff GAO alleges that Defendants failed to pay spread of hours pay pursuant to New York Labor Law ("NYLL"). *See Compl* ¶53, *Zhang Aff.* ¶28.
- Plaintiff GAO alleges that Defendants failed to provide time of hire and wage notice pursuant to NYLL. *See Compl* ¶60, *Zhang Aff.* ¶ 25.
- Plaintiff GAO alleges that Defendants failed to provide wage statements pursuant to NYLL. *See Compl* ¶ 54, *Zhang Aff.* ¶ 26.

Although these violations are separate and apart from Defendants' FLSA violations, the common treatment further demonstrates that Plaintiffs, and the potential opt-in plaintiffs, were subject to a common unlawful practice that shares a factual nexus.

Accordingly, this Court should conclude that Plaintiff has met her "light burden of making a modest factual showing" that Plaintiff SHASHA ZHANG and other workers, and other non-managerial employees "were victims of a common policy or plan that violated the law". *See Sanchez v. Gansevoort Mgmt. Grp, Inc*., No. 12-cv-75 (KBF), 2013 WL 208909, at *1 (S.D.N.Y. Jan. 10, 2013) (quoting *Hoffmann*, 982 F. Supp. at 261), and the certification of a collective of

travel consultants who worked or have worked for Nexus Holidays New York Inc. and Nexus Holidays Group Inc. is appropriate.

**D.  The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.**

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all). Moreover, it does not matter that Prospective Collective Action Members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.,* No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift… to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffmann* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

During her employment at Nexus Holidays New York Inc., Plaintiff SHASHA ZHANG has worked side by side and acquainted herself with other employees. Plaintiff attests that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. *See Zhang Aff*. ¶¶ 29-57. In brief, Affiant alleges that all non-managerial employees of

11

Defendants are similarly situated as they were all victims of Defendants' widespread common policy or plan that violates the FLSA and NYLL. Accordingly, Plaintiff exceeds the low burden for conditional certification of all non-managerial employees of Defendants.

**E. Expedited Notice and Disclosure of Contact Information Is Necessary**

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action"). Accordingly, Plaintiff respectfully request that Defendants furnish Plaintiffs with a Microsoft Excel data file containing contact information ("including but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, last known WhatsApp, WeChat and/or FaceBook usernames, work location, dates of employment, and position") for all non-managerial employees who worked for Defendants from **January 16, 2017** to the present day within **14 days of the entry of the order**. Courts in this Circuit routinely require Defendants to furnish prospective plaintiff information within 7 or 14 days. *See* e.g. *Zamora v. L Plus L Productions LLC*, 19-cv-1506, 2019 WL 5460559, at *6 (S.D.N.Y. Oct. 15, 2019) (14 days); *Ritz v. Mike Roroy Corp.*, 959 F. Supp. 2d 276, 278 (E.D.N.Y. 2013) (7 days). Courts in this District "commonly grant" requests for the production of such information, in connection with the conditional certification of an FLSA collective action. *See Kiang v. Yummy Oriental Restaurant Inc. et al*, 18-cv-5256 (SFJ)(ARL), at *7 (directing Defendants to provide Plaintiffs a list with "names, last known addresses, telephone numbers, emails, WhatsApp, WeChat ID and/or FaceBook username, and dates of employments

12

for all current and former non-exempt, non-managerial employees for the relevant period within 14 days of entry of [the] Order"); *Martin v. Sprint/United Mgmt. Co*., No. 15-cv-5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan 4, 2016); see also *In re Penthouse Exec Club Comp. Litig*., No. 10-cv-1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (noting "courts often order the production of such information at the notice stage").

As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Thus, the timing of the notice is of great significance. *See Foster,* 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp*., No. 15-cv-5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiffs' primary languages are not English.

## F.  Court-Authorized Notice is Routinely Authorized by Court in this District

Once a court determines that a named plaintiff has demonstrated that he or she is similarly situated to other employees of the defendant with respect to the defendant's alleged unlawful policy for paying minimum wages and/or overtime pay, and has thus satisfied his or her burden for initial certification of a collective action, the court may proceed to authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit. *Lynch*, 491 F. Supp. 2d at 367. "Although Section 216(b) does not explicitly address court-

authorized notice, 'it is 'well settled' that district courts have the power to authorize an FLSA

plaintiff to send such notice to other potential plaintiffs.'" *Grant v. Warner Music Grp. Corp.*,

No. 13-cv-4449 (PGG), 2014 WL 1918602, at *2 (S.D.N.Y. May 13, 2014) (quoting *Gjurovich*

*v. Emmauel's Marketplace, Inc*., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003); additional citations

omitted)). Indeed, as the statute of limitations does not toll for opt-in plaintiffs until they consent

to appear, *see Lynch*, 491 F. Supp. 2d at 371, courts will "routinely approve court-authorized

notice in order to ensure that the rights of potential claimants do not expire during the discovery

process." *Grant*, 2014 WL 1918602, at *2; *see also Khamsiri v. George and Frank's Japanese*

*Noodle Rest. Inc*., No. 12-cv-265 (PAE), 2012 WL 1981507, at *2 ("[C]ourt-authorized notice is

appropriate[ ] to present erosion of claims due to the running statute of limitations…").

## G. The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form

### 1. Plaintiff proposes that the Notice of Pendency be disseminated in any relevant language, via mail, email, text message or social media chat

Plaintiff proposes a Notice of Pendency and Consent Form advising all potential opt-in

Plaintiffs of their right to join this collective action that is consistent with prior notices routinely

approved in courts within the Second Circuit. Plaintiff respectfully request to have the Approved

Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email,

text message, or social media group and individual chat and posts, to all potential members of the

collective. *See Shuzhen Cao v. 155 S.G.S. Corp*., No 18-cv-10338 (ALC)(KNF) (S.D.N.Y. Nov.

04, 2019) (permitting notice to be "disseminated in any relevant language, via mail and email to

all members of the collective" and permitting dissemination "via text message, or social media

messages or chats, to all members of the collective"); *Jian Wu v. Sushi Nomado of Manhattan,*

*Inc.*, No. 17-cv-04661 (PGG)(DF), 2019 U.S. Dist. LEXIS 127895, at *38-39 (S.D.N.Y. July 25, 2019) (permitting notice of pendency to be disseminated "in any relevant language, via mail, email, text message, and/or social media chat, to all potential members of the collective" while ordering that "Defendants shall post a copy of the notice, in all relevant languages, at each restaurant location, in a conspicuous and unobstructed location or locations likely to be seen by all currently employed members of the collective, and the notice shall remain so posted throughout the opt-in period"); *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17-cv-7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) (finding that Plaintiffs' counsel may "arrange to have [modified notice] disseminated, in any relevant language, via mail, email, and/or text message, to all potential members of the collective"). These "proposed forms of direct communication with Plaintiffs – including by mail, email, text message, and direct social media channels such as WhatsApp and WeChat – are reasonable and minimally invasive." *See Chen v. Asian Terrace Rest.*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15. Furthermore, "the current public health crisis likewise favors more options" than first-class mail. *See Id*.

## 2. Authorization of Conspicuous Posting at Store

Plaintiff respectfully requests that the Notice of Pendency and Consent Form be posted on conspicuous locations of Defendants' travel agency and included in the employees' pay envelope or other method of delivery of their paycheck information. This is simply to ensure they provide the greatest likelihood that the FLSA Collective receives this notice as intended. *See Kiang*, No. 18-cv-5256 (SFJ)(ARL), at *7 (allowing notice to be posted in English, Chinese, Spanish, and Malaysian" at the workplace); *Zhang*, No. 17-cv-7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019); *Iriarte v. Café 71, Inc.*, No. 15-cv-3217 (CM),

2015 WL 8900875, at *6  (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc*., 477 F.

Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc*., No. 17-cv-

2972 (JS)(AKT), 2018 WL 1581975 (D.E.N.Y. Mar. 30, 2018) (finding that, in light of broad

remedial purpose of FLSA, translating a notice into Spanish was appropriate).

### 3.  Reminder Notice

Plaintiff respectfully requests that this Court order that Plaintiffs may send a reminder

mailing and email to all unresponsive collective action members half-way through the notice

period. "Given that notice under the FLSA is intended to inform as many potential plaintiffs as

possible of the collective action and their right to opt-in … a reminder notice is appropriate." *See*

*Chhab v. Darden Rests., Inc*., 2013 U.s. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sep. 19, 2013)

(collecting cases allowing for reminder notices); *Harris v. Vector Mktg*., 716 F. Supp. 2d 835,

847 (N.D. Cal. 2010) (approving reminder postcard). *See also Gervasio v. Wawa Inc*., No. 17-cv-

245 (PGS), 2018 WL 385189, at *7 (D.N.J. Jan. 11, 2018) (approving reminder notices by mail

and email). It is well documented that people often disregard collective action notices. *See*,

Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in*

*the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). Reminder mailings to

potential opt-ins who have not responded to an initial mailing are common and cause Defendants

no prejudice. *See Gervasio*, 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18.

### 4.  The Exclusion of Defendants' Attorney Information on the Proposed Noticed of Pendency is Proper Given the Potential for Confusion and Ethical Conflicts

The exclusion of Defendants' attorney information is proper in the proposed Notice of

Pendency. *See Gao v. Umi Sushi Inc. et al*., No. 18-cv-06439 (ALC)(SN)(S.D.N.Y. Mar. 21,

2019) at *2 ("Because the Court cannot conceive of information that the potential opt-in plaintiff

may seek that cannot be provided by contacting plaintiff's counsel or the former employer

directly, and because communication between a potential opt-in and defense counsel may result

in the inadvertent disclosure of material information or worse, an ethical violation, the Court

denies Defendants' request to include their counsel's contact information on the Notice." *See

also Chen*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 (finding Plaintiff's

request to "exclude Defendants' attorney's information" "reasonable").

**5. The Opt-In Anchor Date Should Be From the Complaint Filing Date**

"In this circuit, courts routinely calculate the notice period from the date on which the

lawsuit was filed, not the date of conditional certification, 'with the understanding that

challenges to the timeliness of individual plaintiff's actions will be entertained at a later date.'."

*Yuan v. Hair Lounge et al.*, 18-cv-11905 (AT)(BCM) (S.D.N.Y. Nov. 7, 2019) at *17; *see

Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106, 115-16 (S.D.N.Y. 2015) (quoting

Hamadou, 915 F. Supp. 2d at 668, and collecting cases).

**6. The Opt-In Period Should Extend to 90 Days to Allow the Greatest Number of
   Potential Plaintiffs Who May Wish to Opt In to the Collective Action**

The opt-in period should be for 90 days, which will allow the greatest number of

Plaintiffs to opt into the action. "60 or 90 day opt in period are common in FLSA collective

actions." *Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730, at *16 (S.D.N.Y. Nov.

12, 2015). *See e.g. In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688, at *2-3

(S.D.N.Y. Jan. 11, 2010) (affording plaintiffs 90 days to opt in); *Fang v. Zhuang*, No. 10-cv-

1290 (RRM)(JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261037, at *1 (E.D.N.Y. Dex. 1,

2010) (same); *Zeltser v. Merrill Lynch & Co.*, No. 13-cv-1531 (FM), 2014 U.S. Dist. LEXIS

66230, 2014 WL 2111693, at *5 (S.D.N.Y. May 12, 2014) (same). There is no detriment to

plaintiffs from the extension of this period, and doing so will make it more likely that all employees who intend to bring such claims to do so in this action. *See Amador v. Morgan Stanley & Co. LLC*, No. 11-cv-4326 (RJS), 2013 U.S. Dist. LEXIS 191.3, 2013 WL 494020, at *9 (S.D.N.Y. Feb. 7, 2013(. ("'[W]hen exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions,' including achieving judicial efficiency 'by settling the claims of similarly situated employees at the same time.'" (quoting *Fasanelli v. Heartland Brewery, Inc*., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).

Here, a 90-day opt-in period is appropriate because most of the coworkers identified in the affidavit are foreign born and their right to opt into the action may be delayed by foreign travel, and because of the current COVID-19 public health crisis. *See Chen*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *14 (E.D.N.Y. July 17, 2020).

**7. Appropriate Notice Period Should be for 3 Years**

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc*., 840 F. 2d 1054, 1062 (2d Cir. 1988).

Plaintiff requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Given Plaintiff's allegations of willful violations of the FLSA minimum wage and overtime provisions, a three-year time frame is appropriate given that FLSA expressly

permits a three-year statute of limitations to remedy willful violations of the Act. Courts

routinely approve a three-year notice period. *See* 29 U.S.C. § 255(a); *see also e.g. Chen*, No. 19-

cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 (approving of a "3-year statute of

limitations in light of the complaint's allegations of willfulness"); *Gaspar v. Personal Touch*

*Moving, Inc.*, No. 13-cv-8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014)

(finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08-cv-

1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this

issue routinely approve a three-year notice period."). *See Hamadou v. Hess Corp.*, 915 F. Supp

2d 651, 668 (S.D.N.Y. 2013) and *Iglesias-Mendoza v. La Belle Farm Inc.*, 239 F.R.D. 363

(S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of

limitations for purposes of certifying a representative action.");."); *Fasanelli v. Heartland*

*Brewery Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) conditionally certifying class based on

three-year period to avoid any merit-based determinations at this time.").

8.   **The Language of the Notice or Posts be in Relevant Languages for Employees not**
     **Well Versed in the English Language**

As Plaintiff Shasha Zhang's affidavit demonstrates, many of the opt-in Plaintiffs are not native

English speakers, but rather came from China like her. *See Zhang Aff.* ¶¶ 30-52. Consequently,

Plaintiff respectfully requests that all notices or posts to employees' attention be in English (the

predominant languages of the FLSA Collective) and Chinese, as many of the opt-in Plaintiffs are

not well versed in the English language. This type of request has been granted in other cases, *see,*

*e.g., Wu*, No. 17-cv-04661 (PGG)(DF), 2019 U.S. Dist. LEXIS 127895, at *36; *Kiang*, No. 18-

cv-5256 (SJF)(ARL), at *7-8 (finding appropriate request that notice be posted and disseminated

in English, Chinese, Malaysian, and Spanish); *Zhang*, No. 17-cv-7066 (DF), 2019 U.S. Dist.

LEXIS 22745, at *45 (S.D.N.Y. Feb 5, 2019) at *45 (allowing dissemination in "all relevant langauges"); *Iriarte v. Café 71, Inc*., No. 15-cv-3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc*., 477, F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc*., No. 17-cv-2972 (JS)(AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

### H. Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs

The doctrine of equitable tolling allows a court to extend a statute of limitations "on a case-by-case basis to prevent inequity." *Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir. 2000). "If the limitations period is not so tolled, opt-in plaintiffs would not be able to make claims for any period prior to three years from the date they actually file a consent to join the action." *Knox v. John Varvatos Enterprises Inc*., 282 F. Supp. 3d 644, 657 (S.D.N.Y. 2017) (citing 29 U.S.C. § 255(a)).

Courts in the Second Circuit "have permitted equitable tolling while the motion for conditional certification is before the court." *Fa Ting Wang v. Empire State Auto Corp*., No. 14-cv-1491 (WFK)(VMS), 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015); *Castillo,* 17-cv-2972, 2018 WL 1581975, at *17; *Colon v. Major Perry Street Corp*., No. 12-cv-3788, 2013 WL 3328223, at *8 (S.D.N.Y. 2013); *McGlone v. Contract Callers, Inc*., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (Potential plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the claims should [ ] not be penalized due to the courts' heavy dockets and understandable delays in rulings."); *see Chui v. Am. Yuexianggui of LI LLC*, No. 18-cv-5091 (SJF(AKT), 2020 WL 3618892, at *10 (E.D.N.Y. July 2, 2020); *Xing Ye v. 2953 Broadway Inc*., No. 18-cv-4941, 2020 WL 2904070, at *4 (S.D.N.Y. June 3, 2020) ("In the

interest of fairness, the Court will toll the limitations period from the date Plaintiff Ye filed the initial certification motion until the date the Court approves the form of notice to potential class members and enter an order governing the noticing procedure").

The COVID-19 Pandemic is an extraordinary circumstance which very possibly affects the opt in of potential plaintiffs. Many potential plaintiffs no longer go to the work place and would thus miss the notice at the workplace.  Moreover, plaintiffs may temporarily change their living places, and thus, miss their mail. For these reasons, Plaintiffs are entitled to the benefits of an equitable tolling.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests an order granting Plaintiff's requested relief in its entirety, and for such other and further relief deemed just and proper.


Dated: Flushing, New York
July 13, 2021

Respectfully submitted,
Hui Chen and Associates, PLLC
By:    /s/ Hui Chen_____
Hui Chen