UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SHASHA ZHANG, *on behalf of himself*
*and others similarly situated,*

                               **PLAINTIFF**,

        - against –                              Case No. 20 CV 275

NEXUS HOLIDAYS NEW YORK INC., and
NEXUS HOLIDAYS GROUP INC.,
SHANGHAI YILIAN INTERNATIONAL TRAVEL
AGENCY LTD., LINGMIN ZHANG a/k/a MARC
ZHANG, MATTHEW WANG, and
John Doe and Jane Doe,

                               **DEFENDANTS.**
_____

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
CONDITIONAL COLLECTIVE CERTIFICATION**

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS**……………………………………………………………… ii

**TABLE OF AUTHORITIES**………………………………………………………….. iii

**PRELIMINARY STATEMENT**……………………………………………………… 1

**ARGUMENT**…………………………………………………………………………… 1

    I.    THIS COURT SHOULD NOT GRANT PLAINTIFF'S MOTION FOR
COLLECTIVE CERTIFICATION…………………………………………… 1
        A. Plaintiff Is Not Entitled to Certification of the Proposed Collective
Class Because the Plaintiff and Proposed Class are Not
Similarly Situated……………………………………………………. 1
        B. Plaintiff Shasha Zhang's Affidavit………………………………….. 4
    II.    THE PROPOSED NOTICE IS INAPPROPRIATE…………………….. 5
        A. Production of Names and Personal Information of Potential Opt-In
Plaintiffs………………………………………………………………….. 5
        B. Scope of Class………………………………………………………… 6
        C. Unrepresented Defendant…………………………………………… 7
        D. Appropriate Notice Period………………………………………….. 7
        E. Opt-in Period………………………………………………………….. 7
        F. Submission of Consent Forms……………………………………… 7
        G. Posting and Publication of the Notice of Pendency and
Consent Forms……………………………………………………… 8
        H. Equitable Tolling of Statute of Limitations………………………… 9

**CONCLUSION**……………………………………………………………………… 10

# **TABLE OF AUTHORITIES**

**CASES**

*Anglada v. Linens 'N Things, Inc.*,
    No. 06 civ. 12901 (CM)(LMS), 2007 U.S. Dist. LEXIS 38918
    (S.D.N.Y. May 29, 2007)……………………………………………………. 7

*Benavides v. Serenity Spa NY Inc.*,
    166 F. Supp. 3d 474 (2016)………………………………………………. 3

*Bowens v. Atlantic Maint. Corp.*,
    546 F. Supp. 2d 55 (E.D.N.Y. 2008)……………………………………… 7

*Colon v. Major Perry St. Corp.*,
    2013 U.S. Dist. LEXIS 93021, 2013 WL 3328223 (S.D.N.Y. July 2013)……… 3, 4

*Colozzi v. St. Joseph's Hosp. Health Ctr.*,
    595 F. Supp 2d 200 (N.D.N.Y. 2009)……………………………………… 6

*Cruz v. Lyn-Rog Inc.*,
    754 F. Supp 2d 521, 526 (E.D.N.Y. 2010)………………………………. 6

*Fengler v. Crouse Health Found., Inc.*,
    595 F. Supp. 2d 189 (N.D.N.Y. 2009)…………………………………… 2

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989)………………………………………………………… 1

*Jenkins v. TJX Cos.*,
    853 F. Supp. 2d 317 (E.D.N.Y. 2012)…………………………………….. 2

*Khan v. Airport Mgmt. Servs., LLC*,
    2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. 2011)………………………… 2

*Lujan v. Cabana Mgmt.*,
    2011 U.S. Dist. LEXIS 9542, 2011 WL 317984……………………………. 8

*Mendoza v. Casa De Cambio Delgado, Inc.*,
    2008 U.S. Dist. LEXIS 27519 (S.D.N.Y. 2008)…………………………….. 2

*Morales v. Plantworks, Inc.*,
    2006 U.S. Dist. LEXIS 4267 (2006)……………………………………… 3

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)……………………………………………………… 2

*Prizmic v. Armour, Inc.*,
  2006 U.S. Dist. LEXIS 42627 (E.D.N.Y 2006)…………………………………. 2

*Roebuck v. Hudson Valley Farms,*
  239 F. Supp. 2d 234 (N.D.N.Y. 2002)…………………………………………… 2

*Severtson v. Philips Beverage Co.*,
  137 F.R.D. 264 (D. Minn. 1991)………………………………………………… 2

*Silva v. Calle 8, LLC*,
  2013 U.S. Dist. LEXIS 171696 (E.D.N.Y. Dec. 5, 2013)……………………….. 3

*Szu v. Tgi Friday's Inc.*,
  2012 U.S. Dist. LEXIS 163595 (E.D.N.Y. Nov 5, 2012)……………………….. 6, 7

*Wang v. Empire State Auto Corp.*,
  2015 U.S. Dist. LEXIS 99089 (E.D.N.Y. June 2015)…………………………… 4, 9

*Zhenkai Sun v. Sushi Fusion Express, Inc.*,
  2018 U.S. Dist. LEXIS 37515 (E.D.N.Y Jan 2, 2018)………………………….. 9

## OTHER AUTHORITIES

29 U.S.C. § 201……………………………………………………………………… 1

29 U.S.C. § 216(b)…………………………………………………………………. 1

## PRELIMINARY STATEMENT

Plaintiff Shasha Zhang began employment at Nexus Holidays on or about 2015 as a retail salesperson until she became the manager of the retail sales department in 2017. Plaintiff seeks damages pursuant to the Fair Labor Standard Act, 29 U.S.C. § 201 et. Seq. ("FLSA") and New York Labor Law Articles 6 and 19 for allegedly unpaid wages and overtime.

On July 13, 2021, Plaintiff filed a motion for collective action and submitted an affidavit to support her motion for conditional collective action of all current and former non-managerial employees from January 16, 2017 to the present. Since on or about 2017, Plaintiff became the manager of the retail department and is therefore not similarly situated to non-managerial employees. As the manager, Plaintiff was subject to different pay scales, different hours and tasks, and different compensation schemes from other non-managerial employees. Plaintiff's own affidavit highlights some of the difference between herself and her co-workers. Furthermore, Plaintiff's threadbare conclusory statements simply cannot support Plaintiff's modest burden to satisfy Second Circuit precedent for conditional certification. As a result, Plaintiff and the proposed collective class are not similarly situated. Plaintiff's motion should be denied in its entirety.

## ARGUMENT

**I.   THIS COURT SHOULD NOT GRANT PLAINTIFF'S MOTION FOR COLLECTIVE CERTIFICATION**

**A. Plaintiff Is Not Entitled to Certification of the Proposed Collective Class Because the Plaintiff and Proposed Class are Not Similarly Situated**

The FLSA provides for collective actions through an "opt in" procedure. 29 U.S.C. § 216(b). However, a collective action should proceed only where it will facilitate a court's ability to resolve multiple claims efficiently in one proceeding. *See Hoffman-La Roche, Inc. v. Sperling*,

1

493 U.S. 165, 170 (1989); *see also Severtson v. Philips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991). For that reason, section 216(b) provides that only similarly situated employees may utilize the opt-in procedure. Courts in the Second Circuit utilize a two-tiered approach when deciding whether an FLSA suit may proceed as a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010); *Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012); *Khan v. Airport Mgmt. Servs., LLC*, 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. 2011). The first stage of this two-tiered process is the notice stage. At this stage, the court undertakes examination of Plaintiff's pleading and affidavits to determine whether the Plaintiff and the other members of the proposed class are sufficiently "similarly situated" to warrant the issuance of notice to putative class members and to permit it to proceed as a collective action through discovery. *See Fengler v. Crouse Health Found., Inc.*, 595 F. Supp. 2d 189 (N.D.N.Y. 2009).

In order to satisfy this initial burden, the plaintiff must show that he and the potential plaintiffs "together were victims of a common policy or plan that violated the law." *Roebuck v. Hudson Valley Farms,* 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) (plaintiffs must demonstrate that they and the putative collective action members together "were victims of a common policy or plan that violated the law")(citations omitted). Although the plaintiff's burden at this initial stage "is not onerous," the plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations." *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y 2006)(citations omitted). "Absent such a showing, an employer may be 'unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.'" *Id.* At 7 (citations omitted); *see also Mendoza v. Casa De Cambio Delgado, Inc.*, 2008 U.S. Dist. LEXIS 27519 (S.D.N.Y.

2

2008)("conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action.").

Conclusory allegations are not sufficient to support a motion for conditional action certification. *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (2016). Plaintiff must offer something of "evidentiary value" to demonstrate that similarly situated employees exist and, where plaintiffs "fail [] to meet this minimal requirement, their motion for [conditional collective action] certification [will be] denied." *Morales v. Plantworks, Inc.,* 2006 U.S. Dist. LEXIS 4267, *6 (2006), *see also Silva v. Calle 8, LLC*, 2013 U.S. Dist. LEXIS 171696, (E.D.N.Y. Dec. 5, 2013) ("where plaintiffs fail to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification").

Specifically, employees are not similarly situated when "[t]he jobs appear to involve markedly different pay scales, different hours and tasks, different overtime policies, and different compensation schemes." *Colon v. Major Perry St. Corp.*, 2013 U.S. Dist. LEXIS 93021, *21, 2013 WL 3328223 (S.D.N.Y. July 2013). This is because "[t]hese differences appear to be qualitative in nature, reaching the essentials of the job rather than the sorts of variations that bear on damages." *Id.* In *Colon*, the court ordered it was proper to certify a collective action for the superintendents. However, since Plaintiffs failed to establish that superintendents and handymen were subject to the same policy or that they share any sort of factual nexus, the court ruled that it was improper to certify a collection action for the superintendents which included the handymen in that collective action. *Id.*

Similarly, this Court has decided that "Plaintiff offers no support for his conclusory assertions that the same policies and practices applied to all non-managerial employee,

3

regardless of department" when the affidavits and complaint provided by Plaintiffs failed to show "if the mechanic position fits into any of the departments with which Plaintiff is concerned or is otherwise similarly situated to Plaintiff's position as a driver," in that one added plaintiff has completely different job duties from Plaintiff and "described receiving a significantly higher weekly wage." *Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089, *26. (E.D.N.Y. June 2015). In this case, the Court found that conditional certification is appropriate concerning the alleged failure to pay overtime to *drivers*, but is not appropriate to all non-managerial employees. *Id.* Emphasis added.

Similar to what happened in *Colon* and *Wang*, the affidavit submitted by Plaintiff in this matter involve "markedly different pay scales, different hours and tasks, different overtime policies, and difference compensation schemes."

**B. Plaintiff Shasha Zhang's Affidavit**

The conditions of Plaintiff's Zhang's employment along with her Affidavit indicate that Plaintiff is not similarly situated with the proposed class. Stated earlier, starting in 2017, Plaintiff became the manager of the retail sales department. Her duties as manager included the following: (1) set the working schedules of salespersons; (2) training of new sales employees; (3) power to hire and discipline employees, including conducting hiring interviews; and (4) provide salary recommendations and review. Additionally, Plaintiff handled the television, online, radio, and newspaper media advertising responsibilities of the company, a duty handled by only managerial employees. The responsibilities outlined above clearly separated Plaintiff from her non-managerial co-workers. Plaintiff's own affidavit states that she had a different schedule from her co-workers as she states "…There were very rarely situations such as mine where I worked two weeks for six days then for one week for five days during the years of 2017." *See*

4

*Plaintiff Shasha Zhang Affidavit* ¶ 53. Furthermore, although entirely neglected by Plaintiff, Plaintiff received both commission income as well as bonus income based on achieved sales goals. Although commission income was received by other salespersons, Plaintiff additionally received bonus income based on achieved sales goals. As referenced above, Plaintiff's employment differed in different pay scales, different hours and tasks, and different compensation schemes from those she seeks to represent.

Plaintiff's affidavit is also replete with conclusory assertions that offer threadbare evidence that do not support this motion for collective action. Although, Plaintiff purports to identify 11 employees that are similarly situated, all Plaintiff alleges are a name, physical description, purported employment period, and other bare facts. *Id.* at ¶¶ 30 – 52. The only details alleged surrounding any common scheme regarding wages are conclusory statements such as "I befriended some of the co-workers who also suffered from the same practice and policy of Defendants" and "Employees would often make small talk during intervals when we were not as busy, and not being paid for overtime even though we work so many hours per week, and often having to perform work duties on off-hours, were common topics, which is why I know my co-workers also suffer from not being paid overtime as well." *Id.* at ¶¶ 29 and 57. No additional evidence is offered and these conclusory statement simply do not satisfy Plaintiff's modest burden for conditional certification of collecting action.

## II. THE PROPOSED NOTICE IS INAPPROPRIATE

### A. Production of Names and Personal Information of Potential Opt-In Plaintiffs

Plaintiff moves for the production of a Microsoft Excel data file containing contact information ("including but not limited to last known mailing address, last known telephone

numbers, last known e-mail addresses, WhatsApp, WeChat ID and/or Facebook usernames, work location, dates of employment and position"). Such request violates employees' privacy rights

Courts within this Circuit typically grant requests for the production of the names and last known addresses of potential opt-in plaintiffs when granting a motion for conditional certification as a collective action. *Cruz v. Lyn-Rog Inc.,* 754 F. Supp 2d 521, 526. *Szu v. Tgi Friday's Inc.*, 2012 U.S. Dist. LEXIS 163595, *16 (E.D.N.Y. Nov 5, 2012) (This Court found the production of the names and last-known addresses of potential opt-in plaintiffs is sufficient). Defendant Nexus New York consent to the production of the names and last known addresses of potential opt-in plaintiffs, but object to the production of all other requested information. Plaintiff has no need for the additional, inherently private information sought, including e-mail addresses, telephone number, social security numbers and dates of birth. *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp 2d 200, 211. Plaintiff failed to establish why they request such an extensive list of information. In addition, since email addresses, WhatsApp, WeChat ID and Facebook usernames are not part of employment records kept by an employer, it would be a huge burden for an employer to locate the information, if possible at all.

### B. Scope of Class

If this Court grants Plaintiff's conditional certification of collective action, the scope of class should be the employees similarly situated with Plaintiff. Accordingly, the scope of the class should be "managerial employees who worked at 41-60 Main Street, Suite 215, Flushing, New York 11355."

### C. Unrepresented Defendant

Plaintiff request that Defendant Shanghai Yilian International Travel Agency Ltd. be listed on the notice. Plaintiff's affidavit clearly indicates that she only worked at the 41-60 Main Street, Suite 215, Flushing, New York 11355 address. Defendant Shanghai Yilian International Travel Agency Ltd. is a foreign corporation based in China. This Defendant has not been served with this lawsuit nor has this foreign corporation appeared in this matter. Shanghai Yilian International Travel Agency Ltd. should be removed from any proposed notices.

### D. Appropriate Notice Period

Plaintiff requests a three-year notice period, timing from January 16, 2017 to present. Defendants object to the notice period and proposes that the notice period should be three years from the issuance of this notice. *See Anglada v. Linens 'N Things, Inc.*, No. 06 civ. 12901 (CM)(LMS), 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y. May 29, 2007)("the three year date from the issuance of the notice is more in keeping with § 256(b)"); *Szu v. Tgi Friday's Inc.*, 2012 U.S. Dist. LEXIS 163595, *12 (E.D.N.Y. Nov 5, 2012).

### E. Opt-in Period

Plaintiff requests a 90-day period to allow potential plaintiffs to submit their consent forms. Defendants object and propose a 60-day period. As Courts in this district typically find 60-day opt-in period sufficient, the Court approves a 60-day opt-in period. *See Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008).

### F. Submission of Consent Forms

Plaintiff proposes that opt-in plaintiffs should send the signed consent forms to Plaintiff's counsel. It is inappropriate to require opt-in plaintiffs to send their consent forms to Plaintiff's

7

counsel. Indeed, "[r]ecent cases in this district have suggested that such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel." *Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, *44, 2011 WL 317984 (modifying the plaintiff's proposed notice to direct opt-in plaintiffs to send their consent forms to the Court). Accordingly, we propose the notice of pendency directs opt-in plaintiffs to file their consent forms with the Clerk of Court. The Clerk of Court can electronically file the signed consent forms which notifies counsel for both sides that a plaintiff has opted-in.

### G. Posting and Publication of the Notice of Pendency and Consent Forms

In its proposed order, Plaintiff requests the notice to be disseminated "in any relevant language, via mail and email…a short form notice…published to social media groups specifically targeting the English, and Chinese-speaking American immigrant worker community." In addition, Plaintiff requests the notice to be posted at Nexus Holidays New York, Inc., 41-60 Main Street, Suite 215, Flushing, New York 11355. Furthermore, Plaintiff requests that should "more than 20% of Notices be returned as undeliverable with no forwarding address, Plaintiff reserves the right to apply to the Court for permission to cause a copy of the Notice…to be published in an English, Chinese, and Spanish language newspapers at Defendants' expense for Defendants' failure to furnish accurate addresses." *See* Plaintiff's Proposed Order ¶¶ 5 – 11.

Defendants object to these baseless and harassing requests. First, as to the posting of the at 41-60 Main Street, Suite 215, Flushing, New York 11355, this request is moot as mentioned previously, Nexus Holidays New York is no longer operational and has no physical office. Second, while Defendants agree that Plaintiff send the notice through first-class mail, Defendants object to all other requests.

8

Finally, while Defendants would like to make a good faith effort to produce the names and last-known addresses of current and past employees, it is unfair and burdensome for Defendants to pay for the associated costs in the scenarios provided by Plaintiff. In addition, sending the notice through social media along with first-class mails would violate the employees' privacy.

### H.  Equitable Tolling of Statute of Limitations

Plaintiff requests this Court to toll the FLSA's three-year statute of limitation for 90 days until the expiration of the opt-in period. Defendants respectfully request this Court to deny Plaintiff's request. *Zhenkai Sun v. Sushi Fusion Express, Inc.*, 2018 U.S. Dist. LEXIS 37515, *27 (E.D.N.Y Jan 2, 2018), *see Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089 (E.D.N.Y. July 29, 2015) (denying the plaintiff's motion for equitable tolling finding "plaintiff's application is premature; in that the Court will not speculate as to the effect of defendants' actions on opt-in plaintiffs who have not, as of yet, appeared, and whose knowledge of their rights at the time of any violations is unknown.").

## CONCLUSION

Based on the foregoing, it is respectfully submitted that Plaintiff is not entitled to the relief sought in their motion for the following reasons:

A. Plaintiff is not entitled to certification of the proposed collective class because it disregards the requirement that the members be similarly situated;

B. Alternatively, if this Court grants Plaintiff's motion for collective action, the proposed scope of class should be limited to management employees that worked at Nexus Holidays New York Inc. at 41-60 Main Street, Suite 215, Flushing, New York 11355.

C. If this Court orders disclosure of contact information for notice to potential opt-in, such disclosure should be limited to the employees' names and last-known addresses.

Dated: New York, New York
August 13, 2021

/s/      Joey Tsai
Joey Tsai
Attorney for Defendants
Tsai PLLC
535 Fifth Avenue
Fourth Floor
New York, NY 10017
T. 646-829-9001
F. 646-829-9002
E. jtsai@tsaipllc.com