UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
SHASHA ZHANG, *et al.*,

                            Plaintiffs,

              -against-

NEXUS HOLIDAYS NEW YORK INC., *et al.*,

                            Defendants.
-------------------------------------------------------- X

**REPORT AND RECOMMENDATION**
20 CV 275 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

       On January 16, 2020, plaintiff Shasha Zhang, individually and on behalf of all other similarly situated employees, commenced this class and collective action against defendants Nexus Holidays New York Inc. ("Nexus N.Y."), Nexus Holidays Group Inc. ("Nexus Holidays"), Shanghai Yilian International Travel Agency Ltd. ("Shanghai Travel"), Lingmin Zhang a/k/a Marc Zhang, Matthew Wang, and John Doe and Jane Doe, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law § 650 et seq. ("NYLL"), and 12 New York Codes, Rules and Regulations § 146. (ECF No. 1). On November 2, 2023, pursuant to the Court's Order, plaintiff filed an amended complaint to add an additional plaintiff, Songping Wu. (ECF Nos. 36, 37).

       On July 23, 2024, the Court granted the motion to withdraw filed by counsel for defendants Nexus N.Y., Nexus Holidays, and Matthew Wang, and gave those three defendants until August 23, 2024 to find new counsel. (ECF No. 46).[1] No new counsel filed a notice of appearance on behalf of any of the defendants by that deadline, or since then.

       Accordingly, on September 6, 2024, this Court entered an Order advising that plaintiffs

---

[1] Defense counsel indicated that he would continue to represent individual defendant Lingmin Zhang. (See id.) No attorney has appeared on behalf of corporate defendant Shanghai Travel during the course of this litigation.

could seek to have a default entered against the corporate defendants, as corporations are not allowed to proceed in federal court without counsel.  (ECF No. 48); see La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009).  The Court also advised that plaintiffs could seek to have a default entered against the individual defendant, Mr. Wang, if Mr. Wang did not contact the Court by September 13, 2024, indicating that he wished to proceed *pro se*.  (ECF No. 48). To date, defendant Wang has not contacted the Court.

The Court also Ordered the parties to submit a status report by September 20, 2024 (id.), which they failed to do.  By March 28, 2025, when neither party had contacted the Court, the Court Ordered that, if plaintiffs failed to move for an entry of default against defendants or provide a status report by April 11, 2025, the Court would recommend that the case be dismissed for failure to prosecute.  (ECF No. 49).  Since that time, plaintiffs have not moved for entry of default, and no party has filed a status report.  Given plaintiffs' failure to move the case forward in over a year, it appears that they have no further interest in prosecuting this case.

## DISCUSSION

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct."  West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss an action "[i]f the plaintiff fails to prosecute").  "The law is clear.  The district court has the power to dismiss for failure to prosecute, on its own motion."  Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)).  The authority to dismiss a case sua sponte for lack of prosecution arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure.  Link v. Wabash R. Co., 370 U.S. 626, 630-31

(1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

A district court considering a Rule 41(b) dismissal must weigh the five Baptiste factors: (1) the duration of plaintiffs' failure to prosecute, (2) whether plaintiffs were on notice that further delays would result in dismissal, (3) whether defendants were likely to be prejudiced by further delay, (4) the court's interest in managing its docket balanced against plaintiffs' interest in receiving a fair chance to be heard, and (5) "whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Here, all five Baptiste factors weigh in favor of dismissal. First, plaintiffs Shasha Zhang and Songping Wu have taken no steps to prosecute this case in over a year. See Rouse v. Transworld Sys., Inc., No. 24 CV 8123, 2025 WL 3119152, at *4 (E.D.N.Y. Nov. 7, 2025) (collecting cases indicating that failure to prosecute even for "only a few weeks or months" could merit Rule 41(b) dismissal).

Second, plaintiffs have received explicit notice of their obligation to proceed with this litigation – namely, through this Court's Orders, dated September 6, 2024, and March 28, 2025, the latter of which informed plaintiffs that further delays or failure to comply with Court orders would result in dismissal of their case. In addition, Chambers staff attempted to call plaintiffs' counsel on September 23, 2024, leaving a voice mail message reminding plaintiffs' counsel of their obligation to file a status report. No one appears to have responded to the Court's message, and no status report was ever filed.

Third, where, as here, plaintiffs have caused an "unreasonable delay," courts may

3

presume prejudice to defendants. Wilson v. Doe 1-4, No. 21 CV 5170, 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (quoting LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)).

Fourth, given that plaintiffs have received more than a fair chance to be heard, the Court's interest in clearing stagnant cases from its docket outweighs plaintiffs' continued right to be heard. See Rouse v. Transworld Sys., Inc., 2025 WL 3119152, at *6; Davison v. Grillo, No. 05 CV 4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) (noting that "[i]t is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future").

Fifth, given plaintiffs' failure to comply with the Court's Order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 196 (2d Cir. 1999); see also Rouse v. Transworld Sys., Inc., 2025 WL 3119152, at *7 (noting additionally, with regards to the fifth factor, that "any lesser sanction would be not effective because the non-responsive [p]laintiff would be unaware that such a sanction had been applied").

Despite the Court's Orders and Chambers' supplemental attempt to contact plaintiffs' counsel by phone, plaintiffs have taken no action in this matter. It is thus clear that plaintiffs have ignored the Court and have failed to prosecute this action. In light of the Baptiste factors discussed above, the Court therefore respectfully recommends that plaintiffs' claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

As set forth above, the Court concludes that plaintiffs Shasha Zhang and Songping Wu have abandoned this action. The Court therefore respectfully recommends that the District Court

dismiss their claims against all defendants with prejudice for failure to prosecute.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail. A copy of this Order will be mailed to the *pro se* defendants by the Court.

**SO ORDERED.**

Dated: November 18, 2025
       Brooklyn, New York

                                      /s/ Cheryl L. Pollak
                                      Cheryl L. Pollak
                                      United States Magistrate Judge
                                      Eastern District of New York