UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                              :

**SHASHA ZHANG** *et al.*,

                        Plaintiffs,      :   **ORDER ADOPTING REPORT**
                                            **AND RECOMMENDATION**

          – against –            :   20-CV-275-AMD-CLP
                                                :

**NEXUS HOLIDAYS NEW YORK INC.,** *et al.*,

                   Defendants.     :

--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On January 16, 2020, the plaintiff Shasha Zhang, individually and on behalf of all similarly situated employees, brought this class and collective action against the defendants Nexus Holidays New York Inc., Nexus Holidays Group Inc., and Shanghai Yilian International Travel Agency Ltd. (together, the "corporate defendants") and Lingmin Zhang a/k/a Marc Zhang, Matthew Wang, and John Doe and Jane Doe, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law § 650 et seq. ("NYLL"), Title 12 of New York Codes, Rules and Regulations ("NYCRR"), and New York common law. (ECF No. 1.) On November 2, 2023, the plaintiff filed an amended complaint to add an additional plaintiff, Songping Wu. (ECF No. 37.)

Counsel for the defendants Nexus N.Y., Nexus Holidays, and Matthew Wang moved to withdraw on June 3, 2024. (ECF No. 43.) On July 23, 2024 the Court granted the motion, and gave those defendants until August 23, 2024 to find new counsel. (ECF No. 46.)[1] No new counsel filed a notice of appearance on their behalf.

---

[1] Counsel continued to represent defendant Zhang. (ECF No. 46.) The defendant Shanghai Travel has not appeared.

Accordingly, on September 6, 2024, Magistrate Judge Cheryl L. Pollak entered an order advising that the plaintiffs could move for default judgment against the corporate defendants and against Matthew Wang, if Mr. Wang did not advise the Court by September 13, 2024 whether he wanted to proceed *pro se*. (ECF No. 48.) Judge Pollak also directed the parties to submit a status report. (*Id*.) When the parties did not comply with the status report order, Judge Pollak's chambers left the plaintiffs' counsel a telephone message on September 23, 2024 reminding them to file it. (*See* ECF No. 50 at 3.) The plaintiffs did not comply or contact the Court for the next six months. On March 28, 2025, Judge Pollak issued an order warning the plaintiffs that she would recommend that the case be dismissed for failure to prosecute if they did not move for an entry of default against the defendants or provide a status report by April 11, 2025. (ECF No. 49.) The plaintiffs did not move for entry of default or file a status update by April 11, 2025, or at any time in the next seven months.

On November 18, 2025, Judge Pollak issued a *sua sponte* Report and Recommendation, recommending that the Court dismiss the plaintiffs' claims against all the defendants for failure to prosecute. (ECF No. 50.) In their first contact with the Court in over a year, the plaintiffs filed a timely objection to Judge Pollak's report. (ECF No. 55.) Defendant Zhang opposed the plaintiffs' objection. (ECF No. 57.)

As explained below, the Court adopts Judge Pollak's Report and Recommendation in its entirety and dismisses the plaintiffs' claims with prejudice.

## LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(2). The Court reviews a party's objections *de novo* if they are "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ.*

*of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at \*2 (S.D.N.Y. Sept. 30, 2020) (quoting

*McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96-CV-

324, 2002 WL 335014, at \*1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to

recommendations are required to 'pinpoint specific portions of the report and recommendations

to which [they] objec[t] . . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension

Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).  The district judge "may accept, reject, or

modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

If "the [objecting] party makes only frivolous, conclusory or general objections, or

simply reiterates [the party's] original arguments, the Court reviews the report and

recommendation only for clear error." *Velez v. DNF Assocs.*, LLC, No. 19-CV-11138, 2020 WL

6946513, at \*2 (S.D.N.Y. Nov. 25, 2020) (citation omitted).  "[E]ven in a *de novo* review of a

party's specific objections, [however,] the court will not consider arguments, case law and/or

evidentiary material which could have been, but were not, presented to the magistrate judge in

the first instance."  *Saada v. Golan*, No. 18-CV-5292, 2023 WL 1993538, at \*2 (E.D.N.Y. Feb.

13, 2023) (citations omitted).  Moreover, "the district court is 'permitted to adopt those sections

of a magistrate judge's report to which no specific objection is made, so long as those sections

are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at \*2

(E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at \*1

(S.D.N.Y. July 31, 1995)).

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint

for failure to comply with a court order, treating the noncompliance as a failure to prosecute."

*Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S.

626, 633 (1962)).  A court may dismiss a case for failure to prosecute under Rule 41(b) *sua*

*sponte*.  *See Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the

text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for

dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to

dismiss a plaintiff's case *sua sponte* for failure to prosecute.").  "Courts have repeatedly found

that dismissal of an action is warranted when a litigant, whether represented or instead

proceeding *pro se*, fails to comply with legitimate court directives."  *Citak v. More Consulting

Corp.*, No. 17-CV-6049, 2018 WL 5311411, at *2 (E.D.N.Y. Oct. 25, 2018) (cleaned up).

A court considering whether Rule 41(b) dismissal is appropriate must weigh five factors:

"(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff

was on notice that failure to comply would result in dismissal, (3) whether the defendants are

likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest

in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5)

whether the judge has adequately considered a sanction less drastic than dismissal."  *Lucas v.

Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.

2014).  In general, no single factor is dispositive.  *Nita v. Connecticut Dep't of Env'tl Prot.*, 16

F.3d 482, 485 (2d Cir. 1994).

As Judge Pollak concluded, application of the five factors weighs in favor of dismissal.

First, the plaintiffs failed to prosecute the case for over a year and did not comply with orders

directing them to provide status updates to the Court.  (ECF Nos. 48, 49.)  In an effort to justify

their complete disregard of Judge Pollak's orders, the plaintiffs say that the case "became

inactive because undersigned counsel has been unable to reach plaintiffs despite diligent efforts,"

and that dismissal with prejudice is inappropriate.  (ECF No. 55 at 2.)  The plaintiffs did not raise

this claim with Judge Pollak; they simply ignored her.  In any event, courts in this district have

dismissed cases pursuant to Rule 41(b) where a plaintiff's attorney has lost contact with her

clients.  *See, e.g.*, *Kenny v. Potter*, No. 5-CV-1415, 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24,

2011), *report and recommendation adopted*, No. 05-CV-1415, 2011 WL 646919 (E.D.N.Y. Feb.

11, 2011) ("The culmination of plaintiff's enervated prosecutorial history, the inability of

plaintiff's counsel to contact his client, and the most-recent six months of inactivity on the

docket, warrants a dismissal of the case for failure to prosecute.")  "Courts have repeatedly

recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively

disappears by failing to provide a means by which he or she can be reached."  *Christman v.*

*Kalimulina*, No. 21-CV-7318, 2022 WL 17826119, at *2 (S.D.N.Y. Dec. 21, 2022), *report and*

*recommendation adopted*, No. 21-CV-7318, 2023 WL 4841900 (S.D.N.Y. July 27, 2023)

(collecting cases).

Second, the plaintiffs argue that "[n]o Order to Show Cause or explicit warning preceded

the R&R." (ECF No. 55 at 2.)  The record refutes that claim decisively.  Judge Pollak warned

the plaintiffs explicitly that their case would be dismissed if they did not comply with court

orders.  On March 28, 2025, Judge Pollak warned "if plaintiffs do not move for an entry of

default against defendants or else provide a status report by April 11, 2025, this Court will

recommend that the case be dismissed for failure to prosecute." (ECF No. 49 at 1–2.)  The

plaintiffs did not file a status report or otherwise file anything on the docket until they filed their

objections to Judge Pollak's report on November 20, 2025.  This clearly weighs in favor of

dismissal.  *See Winegard v. New Media Inv. Grp., Inc.*, No. 19-CV-4834, 2020 WL 5015361, at

*5 (E.D.N.Y. Aug. 25, 2020) ("[T]he failure of Plaintiff's counsel to communicate with the

Court, in combination with the facts that he missed three deadlines and received notice that the case could be dismissed in the event of further delay, warrants dismissal.").

Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). The plaintiffs argue that the defendants would not be prejudiced by further delay because "the case has been inactive on both sides." (ECF No. 55 at 2.) On the contrary, the third factor favors dismissal. The defendants would be prejudiced by being compelled to litigate a case that the plaintiffs filed nearly six years ago and have failed to prosecute.

The plaintiffs do not challenge Judge Pollak's analysis of the final two factors, and the Court finds no error. Both factors weigh in favor of dismissal with prejudice. Accordingly, the Court adopts Judge Pollak's well-reasoned and thoughtful Report and Recommendation in its entirety. The Court dismisses the complaint with prejudice pursuant to Rule 41(b).

## CONCLUSION

For these reasons, the Court adopts Judge Pollak's Report and Recommendation. The plaintiffs' claims are dismissed with prejudice.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
December 9, 2025